In the Matter of RICCI S., a Person Alleged to be a Juvenile Delinquent, Appellant.

First Department, May 8, 1973.

*Steven M. Schlussel* of counsel (*William E. Hellerstein* and *Charles Schinitsky,* attorneys), for appellant.

*Susan S. Belkin* of counsel (*Stanley Buchsbaum* with her on the brief; *Norman Redlich, Corporation Counsel*), for respondent.

McGIVERN, J. P. This is an appeal from an order of disposition of the Family Court, New York County (DEMBITZ, J.), entered on May 22, 1972, placing appellant on probation for a period of two years, and determination, following a fact-finding hearing, that appellant was a juvenile delinquent and had committed acts which constitute the crime of possession of a dangerous knife (Penal Law, § 265.05). We affirm.

In our collective judgment, even partially accepting the rendition of the facts, as set forth in the dissenting opinion, the evidence was sufficient to sustain the lawfulness of the search, i.e., that the apartment into which the appellant was admitted had been under police surveillance as a drug haven, frequented by drug purchasers, and that there was probable cause for the arrest and for a concomitant search. This was based on the reasonable conclusion of the police officers that a crime was in process on the observed premises, into which the police had seen numerous individuals gain entrance by an esoteric knocking. And they had previously arrested an individual in possession of narcotics, who had just left the premises. And gaining entrance, there on the table they found contraband narcotics. (Cf. *People* v. *Powell,* 36 A D 2d 177, affd. 30 N Y 2d 634; *Brinegar* v. *United States,* 338 U. S. 160, 175 and *Smith* v. *United States,* 358 F. 2d 833, 837, cert. den. 386 U. S. 1008.)

And we further concur in the conclusion of the learned Family Court Judge that when Ricci S. was arrested with a sharp hunting knife (blade, approximately six inches), on West 22nd Street, between Ninth and Tenth Avenues, at 7:00 P.M. it was " clearly a dangerous knife within the intent and meaning " of the statute. It is also quite clear to us that in carrying such a weapon in the old Chelsea area of Manhattan, " a high incidence crime area ", in the full context of the surrounding circumstances, he possessed a dangerous knife, in violation of subdivision 4 of section 265.05 of the Penal Law, the only subdivision of this section of the Penal Law involved on this appeal. (*People* v. *Rosello,* 36 A D 2d 595, affd. 29 N Y 2d 838.)

MURPHY, J. (dissenting). I dissent and would reverse the adjudication of delinquency. A particular apartment in Manhattan was under surveillance by the Police Department. The arresting officer testified that entry into the apartment was obtained by a knock on the outside window, a parting of the curtains and then a knock on the door. Significantly, however, the police gained access to the apartment by first arresting a "customer" and then knocking only on the door. Upon entry the police officers observed narcotics in open view and arrested all of the occupants therein. While the officers were conducting a further search seven people, including appellant, entered the apartment after a knock on the window was first heard. Appellant was immediately arrested and searched; and found to be in possession of a hunting knife. He was thereafter charged with acts which if committed by an adult would constitute the crime of loitering for the purpose of obtaining drugs and possession of a weapon. The trial court dismissed the loitering count but found appellant guilty of the weapon charge.

Although I entertain a serious doubt as to whether the hunting knife here involved is a "dangerous knife" (Penal Law, § 265.05, subd. 4) absent a showing that it was "adapted for use primarily as a weapon" (Penal Law, § 265.15, subd. 4), I find it unnecessary to reach that question; for unless there was probable cause to arrest defendant, the incidental search which disclosed appellant's possession of the knife was unlawful. (Cf. *People* v. *Malinsky*, 15 N Y 2d 86.) In *Henry* v. *United States* (361 U. S. 98, 104), the Supreme Court clearly stated: "To repeat, an arrest is not justified by what the subsequent search discloses. Under our system suspicion is not enough for an officer to lay hands on a citizen. It is better, so the Fourth Amendment teaches, that the guilty sometimes go free than that citizens be subject to easy arrest."

Examination of the record below discloses that appellant was arrested solely upon the ground that he entered an apartment in which drugs had been found. Respondent argues, however, that entry could only be obtained after a "prearranged signal" (the knock on the window); and this unusual pattern of behavior raises "the level of inference from suspicion to probable cause." (*People* v. *Corrado*, 22 N Y 2d 308, 313; see, also, *People* v. *Brown*, 24 N Y 2d 421.) I disagree. Aside from the fact that the petitioner himself gained admittance to the apartment without first knocking on the window, he admitted that he never saw appellant give any such signal. At most, appellant's conduct was equivocal and suspicious; but falls short of what is required

for probable cause. In *People* v. *Smith* (21 N Y 2d 698) a similar fact pattern was involved. After receiving a tip from a reliable informant that wagers on mutual race horse policy were, being received and accepted by two described persons, a police officer personally observed the apartment on two separate occasions and saw activity thereat which led him to reasonably believe that a policy operation was being conducted therein. He thereupon obtained a search warrant and gained entrance to the apartment. While the police were still in the apartment, defendant William Smith entered. He was searched, a policy slip found on his person, and then arrested. The Court of Appeals reversed the denial of said defendant's suppression motion " since the arresting officer did not have probable cause to believe that he had committed a crime — although he did enter the premises while the officer was there ". (p. 700.) On the record before us, I find this case indistinguishable from *Smith*.

Accordingly, the adjudication should be reversed and the petition dismissed.

NUNEZ, KUPFERMAN and TILZER, JJ., concur with McGIVERN, J. P.; MURPHY, J., dissents in an opinion.

Order, Family Court of the State of New York, New York County, entered on May 22, 1972, affirmed, without costs and without disbursements.